ACCEPTED
12-14-00069-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/27/2015 11:04:26 AM
CATHY LUSK
CLERK

No. 12-14-00069-CR

IN THE TYLER COURT OF APPEALS
TWELFTH JUDICIAL DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/27/2015 11:04:26 AM
CATHY S. LUSK
Clerk

JASON WAYNE FRIZZELL
Appellant,

v.

THE STATE OF TEXAS

Appellee

On appeal From the
349TH Judicial District Court, Houston County, Texas
Trial Cause No. 13CR-183

**BRIEF FOR THE APPELLEE**

Donna G. Kaspar
District Attorney for Houston County
401 E. Houston Ave., Basement Floor
Crockett, Texas  75835
(936) 544-3255 x 245
(936) 544-2790 (FAX)
SBOT# 00785201

1

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

JASON WAYNE FRIZZELL

ATTORNEY FOR APPELLANT

Stephen Evans
1000 N. Church St.
Palestine, Texas  75802

ATTORNEY FOR APPELLEE

Donna Gordon Kaspar, District Attorney
401 E. Houston Ave., Basement Floor
Crockett, Texas  75835

TABLE OF CONTENTS

Page

Table of Contents                               3

Index of Authorities                            4

Issues Presented                                6

Statement of Facts                              6

Issue Number One Restated                       7

Summary of the Argument                         7

Argument                                        7

Issue Number Two Restated                       10

Summary of the Argument                         11

Argument                                        11

Prayer                                          12

Certificate of Service                          13

Certificate of Word Compliance                  13

# INDEX OF AUTHORITIES

Page

## Cases

*Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984)                    8

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)     11, 12

*Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)                    7,8,9

*Godinez v. Moran*, 509 U.S. 389, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993)                    8

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)                    11

*United States v. Wilson*, 666 F.2d 1241 (9th Cir. Nev. 1982)     10

## Statutes

Tex. Code Crim. Proc. art.  1.051                    8

No. 12-14-00069-CR

IN THE TYLER COURT OF APPEALS
TWELFTH JUDICIAL DISTRICT OF TEXAS

---

JASON WAYNE FRIZZELL,

Appellant

vs.

THE STATE OF TEXAS,

Appellee

---

On appeal From the
349th Judicial District Court, Houston County, Texas
Trial Cause No. 13CR-183

---

**BRIEF FOR THE APPELLEE**

---

TO THE HONORABLE TYLER COURT OF APPEALS:

NOW COMES, Donna Gordon Kaspar, District Attorney for Houston County, and respectfully submits her Brief for the Appellee, requesting that this Court affirm the judgment of the Trial Court.

5

## ISSUES PRESENTED

1. Appellant knowingly and intelligently relinquished his right to an attorney and, in doing so, relinquished other benefits such as legal research materials. Due process was not thwarted in this case by the trial court agreeing to allow Appellant to represent himself after giving numerous admonishments under *Faretta*.

2. The evidence presented by the State provided legally sufficient evidence to support the jury's verdict of guilt.

## STATEMENT OF FACTS

Appellant was tried and convicted of Injury to a Child. Appellant had a previous felony conviction that was used to enhance the 3rd Degree Felony Injury to a Child to a 2nd Degree Felony. The appellant represented himself at trial. Appellant began filing pro se motions before the indictment had been handed down. (C.R. pp. 9-19, 22-24). After Appellant was indicted, the trial court conducted a hearing wherein she thoroughly admonished Appellant. (Sup.R.R. Vol. 2). Appellant continued to insist that he be allowed to represent himself and he insisted that he should be given access to a law library without having to accept an appointed attorney. At trial, the victim, Appellant's nephew, testified that Appellant hit him in the chest which knocked him to the ground. He also testified that it hurt, left a red

6

mark on his chest and caused difficulty in breathing for a period of time. (R.R., Vol. 3, pp. 142 -146, 152-153, 163-164, 183,187, 195-197, 199, 206). Appellant left the scene after he struck his nephew and was later apprehended.

## ISSUE NUMBER ONE

Appellant knowingly and intelligently relinquished his right to an attorney and, in doing so, relinquished other benefits such as legal research materials. The trial court, under Faretta, was required to allow Appellant to represent himself after giving the appropriate admonishments.

## SUMMARY OF THE ARGUMENT

The availability of legal assistance is a constitutionally permissible means of access to research. When adequate access is provided, the accused may not reject the method provided and insist on an avenue of his or her choosing.

## ARGUMENT

The Sixth and Fourteenth Amendments guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished for any felony. *Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)*. Those amendments also guarantee

7

that any such defendant may dispense with counsel and make his own defense. *Faretta*, 95 S. Ct. at 2533. Such a decision, to be constitutionally effective, must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Godinez v. Moran*, 509 U.S. 389, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993); *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); see also Tex. Code Crim. Proc. art. 1.051. The decision to waive counsel and proceed *pro se* is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Faretta v. California*, 95 S. Ct. at 2541. The decision is made "voluntarily" if it is uncoerced. *Godinez v. Moran*, 113 S. Ct. at 2687.

The record must reflect that the trial court thoroughly admonished the defendant. *Faretta v. California*, 95 S.Ct. at 2541; *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

The Clerk's Record shows that Appellant expresses his wish to represent himself before the indictment had been handed down. (C.R. pp. 9-19, 22-24). After Appellant was indicted, the trial court conducted a hearing wherein she thoroughly admonished Appellant. (Sup.R.R., Vol. 2, pp. 4-11). The record reflects that, before the trial court granted appellant's request to proceed *pro se*, it first elicited

8

from him the fact that he wanted to represent himself. (Sup.R.R., Vol. 2, p. 4). It then explained to him that it was not smart to represent himself. The court also explained to him that there were technical rules of evidence and procedure that applied at trial, that he would not be granted any special consideration with respect to those rules, and that as a result he might be disadvantaged both at trial and in any appeal that might follow. (Sup.R.R., Vol. 2, pp. 5-11). The trial court told the appellant that she could appoint him an attorney and Appellant told the judge that he did not want one. (Sup.R.R., Vol. 4, p. 20). Finally, the record reflects that the trial court tried repeatedly to impress upon appellant the extreme gravity of his request to proceed *pro se* and the likelihood that it was a serious mistake. (Sup.R.R., Vol. 2, pp. 4-11; Vol. 3, pp. 4-24; Vol. 4, pp. 9-26). Based on the record, then, it cannot be said that appellant's decision to proceed *pro se* was anything less than knowing and intelligent. Nor is there anything in the record indicating that appellant's decision was anything less than voluntary. The trial court, therefore, did not thwart due process by allowing Appellant to proceed without an attorney appointed to represent him.

By choosing to represent himself, Appellant gave up the right to research materials. The Supreme Court, in *Faretta*, specifically recognized that a criminal defendant who exercises his right to reject

counsel necessarily relinquishes many of the benefits associated with representation by counsel. Nowhere did the Faretta Court suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation. The Ninth Circuit U.S. Court of Appeals declined to interpret the right to self-representation under the *Sixth Amendment* to include a right to conduct one's own research. *United States v. Wilson*, 666 F.2d 1241 (9th Cir. Nev. 1982). That Court said that the availability of legal assistance is a constitutionally permissible means of access to research and that when adequate access is provided, the accused may not reject the method provided and insist on an avenue of his or her choosing. *Id.* at 1353. That is exactly what Appellant has done in this case. The trial court explained more than once that Appellant's access to research materials came through an appointed attorney. (Sup.R.R., Vol. 3, p. 6; Vol. 4, pp. 9,13,19,20,22). After hearing the explanation, Appellant repeatedly rejected access through an attorney and insisted on being provided a law library. There has been no violation of due process and the Court should deny Appellant's Issue Number One.

## ISSUE NUMBER TWO

The evidence presented by the State provided legally sufficient evidence to support the jury's verdict of guilt.

SUMMARY OF THE ARGUMENT

The appropriate standard for review of factual sufficiency of the elements of the offense is now the same standard used for legal sufficiency found in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

ARGUMENT

The Court of Criminal Appeals overruled *Clewis* in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The appropriate standard for review of factual sufficiency of the elements of the offense is now the same standard used for legal sufficiency found in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). That standard requires the Court to view the evidence "in the light most favorable to the verdict" and thus defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The Court in Brooks found that the only way to retain a factual-sufficiency standard, which would be meaningfully distinct from a *Jackson v. Virginia* legal-sufficiency standard, would be to allow reviewing courts to sit as

11

"thirteenth jurors." The Court noted that their factual-sufficiency decisions have consistently declined to do that. *Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict this Court must find that there is factually sufficient evidence to sustain the jury's verdict of guilt. The jury had evidence of each element of the offense of Injury to a Child. The testimony of Jeremy Frizzell, Jr. proved that Appellant intentionally or knowingly caused bodily injury to him by hitting him and that he was younger than 14 years of age at the time. Jeremy testified that Appellant hit him in the chest which knocked him to the ground. He also testified that it hurt, left a red mark on his chest and caused difficulty in breathing for a period of time. (R.R., Vol. 3, pp. 142 -146, 152-153, 163-164, 183,187, 195-197, 199, 206).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that the Court affirm the judgment of the Trial Court in this cause.

Respectfully Submitted,

*Donna G. Kaspar*
_____
Donna G. Kaspar
District Attorney for Houston County
401 E. Houston Ave.

12

Crockett, Texas  75835
(936) 544-3255 x 245
(936) 544-2790 (FAX)
SBOT# 00785201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellee's Brief was served on counsel of record on this the ___27th___ day of __February__, 2015.

*Donna G. Kaspar*

_____
Donna G. Kaspar

## CERTIFICATE OF WORD COMPLIANCE

District Attorney, Donna Gordon Kaspar, on this the 27th day of February, 2015, hereby certifies this document has 1918 word count, including captions and table of contents.

*Donna G. Kaspar*

_____
Donna G. Kaspar